1. WITNESSES (§ 204*)—COMPETENCY—CONFIDENTIAL RELATIONS.
   Testimony of testator's attorney, who drew the will, but did not witness it, as to his remembrance of its contents, is inadmissible, where there is no proof that the nature of the will was referred to in the presence of others, under Code Civ. Proc. § 835, as a communication to a client in the course of the attorney's employment.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 762; Dec. Dig. § 204.*]

2. WITNESSES (§ 219*)—COMPETENCY—WAIVER.
   That a will was published to subscribing witnesses in the presence of the attorney who drew it is not a waiver of Code Civ. Proc. § 835, so as to render the attorney a competent witness as to its contents.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 781, 782; Dec. Dig. § 219.*]

In the matter of the probate of the will of John Cunnion. Objection to certain evidence sustained, and cause continued.

M. F. McGoldrick, for proponent.
Edward S. Keogh, for contestants.

KETCHAM, S. There is evidence tending to show the due execution of the will propounded. The contestants claim that it was revoked by a later will, which was in the custody of the testator during his lifetime, and has not been found since his death.

Upon the examination of the attorney who drew the second will,

and was present at its execution, it appears that he gave that will to the testator on the day of its execution, that the testator then took the will "with him," and that the witness remembers its contents. To the question, "I ask you to state the contents, all that you remember?" objection is made that the proposed testimony is inadmissible under section 835 of the Code of Civil Procedure. It cannot be doubted that the only manner in which the witness derived knowledge of the contents of the will was by a "communication made by his client" to him in the course of his professional employment. There is no proof that the nature of the will was referred to in the presence of the others at the time of its execution. The proposed testimony is, therefore, within the privilege of section 835, unless there is a waiver of such privilege.

However decisions have varied as to the competency of the testator's attorney to give evidence of the transactions and conditions surrounding the execution of a will, when he has been present during its publication and attestation, their diversity has merely kept pace with the diversity of the statute. Section 836 of the Code, as it has stood since 1891 (Laws 1891, p. 736, c. 381), provides:

"The last three sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. * * * But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate from becoming a witness as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto."

There are thus but two ways by which the force of section 835 can be lessened, either by an express waiver, which, to have any effect, must be made upon the trial or examination and must be made by the client, or by the attorney's act in becoming a subscribing witness to the will. The cases holding that there was a waiver by the client when he published his will to the subscribing witnesses in the presence of his attorney arose under section 836 before it required that the waiver should be made "upon the trial or examination." Matter of Coleman, 111 N. Y. 220, 19 N. E. 71. In that case it was said of section 836:

"By that section the pledge of secrecy imposed by the statute is to be observed, unless its provisions 'are expressly waived' by the client. There is nothing in this section requiring the waiver to be made in writing, or in any particular form or manner, or at any particular time or place; but it is required to be an express waiver, and made in such manner as to show that the testator intended to exempt the witnesses, in the particular instance, from the prohibition imposed by the statute."

Under the amendment, made since the decision last cited, there is a particular time and place, to wit, "the trial or examination," prescribed by the statute at which the waiver must be made in order to escape the prohibition of section 835; and in the case at bar the attorney's lips remain under the seal of the statute as to all that took place at the testamentary transaction, since he is not a subscribing witness, and there is and can be no express waiver upon the trial such as is contemplated by section 836. If the present statute forbids his testimony as to the testamentary act and its surroundings, it must nec-

essarily forbid his disclosure of the contents of the will, whether the same was published at the time of the execution of the will, or his knowledge thereof had been derived from the consultation which preceded the testamentary transaction.

But, even if the lawyer's evidence as to the facts and circumstances which surrounded and characterized the testamentary act were admissible, it would not follow that he could testify as to the contents of the will. His testimony would be permitted only on the theory of waiver, and that waiver would necessarily be based upon the proposition that, if the testator discloses his affairs to persons who are not only strangers to his confidence, but are requested by him to make proof of the disclosure, the communication is made upon the same terms to all who hear it, and there is an implied direction that the attorney shall, equally with the others, give evidence of the transaction. But such waiver would necessarily coincide with the nature and limits of the communication. In making his will, this testator published its existence, but did not publish its contents. Hence, if the lawyer were competent to disclose the facts laid open during the testamentary ceremony, he would remain incompetent as to the provisions of the will, since his knowledge thereof came to him under the sanctity of consultation, and its contents were not made the subject of any discovery or waiver outside the counsel chamber.

The objection is sustained, and the trial of the cause may be resumed upon two days' notice.

Decreed accordingly.