1. WITNESSES (§ 202*)—COMPETENCY—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

Under Code Civ. Proc. § 835, forbidding an attorney to testify in certain cases, the testimony of an attorney, the draftsman of a will, but not a subscribing witness thereto, as to what he heard the subscribing witnesses say to testatrix, or what she said to them, or what he himself said to her at the execution of the will in the presence of all the others, or as to the mental condition of the testatrix and of the influence under which she acted, will be disregarded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 756, 757; Dec. Dig. § 202.*]

2. WILLS (§ 55*)—COMPETENCY OF TESTATRIX—SUFFICIENCY OF EVIDENCE.

Testimony that testatrix was not particularly intellectual is insufficient to rebut the presumption of mental capacity, where she was apparently able to conduct her ordinary affairs.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–161; Dec. Dig. § 55.*]

3. WILLS (§ 302*)—PROBATE—SUFFICIENCY OF EVIDENCE.

Where one of three subscribing witnesses to a will testified to a memory of all the facts sufficient to constitute its due execution and publication, and the preparation and execution of the will was supervised by a competent attorney, probate will be decreed, though the other witnesses do not in all things remember all the circumstances surrounding the testamentary act.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 575, 581, 700–710; Dec. Dig. § 302.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proceedings on the probate of the will of Sarah J. Seymour, deceased.   Probate decreed.     .

L. B. McKelvey, for executrix.

Irving W. Wiswall, for Daniel Seymour, Norman Seymour, Harvey Seymour, and Mrs. W. S. Bentley.

Charles B. Andrus, special guardian for Inez Scott.

B. P. Wheat, special guardian for Cora Scott.

OSTRANDER, S.   This is an application for probate of a paper purporting to be the last will and testament of Sarah J. Seymour, deceased, and which bears date May 20, 1911, signed by Sarah J. Seymour and witnessed by Dr. T. C. Royal, Kate W. Hawkes, and Lizzie N. Hawkes.   The alleged will is in due form and has the usual form of attestation clause which was signed in the presence of these witnesses and was executed under the direction of Burton D. Esmond, the lawyer who prepared the will and who has had considerable experience in the preparation of such instruments.

[1] On the trial Esmond was permitted to testify as to the facts and circumstances which occurred at the signing, publication, and execution of the will; there being present at the time the three witnesses to the will as well as the testatrix.   The question of his competency to testify was raised upon the trial; it being claimed that he was not competent because of the provisions of section 835 of the Code of Civil Procedure, forbidding an attorney to testify in certain cases.   He was not called upon to testify to any communications made to him by the testatrix in the course of the preparation of the will, or any instructions given him by her, but only in regard to what he heard the various witnesses say to her and what he heard her say to the witnesses and what he himself said to her at the time of the execution of the will in the presence of all the others.   In my opinion there is no authority in our own state courts which prohibits his testifying as to such matters; but the case of Butler v. Fayerweather, 91 Fed. 458, 33 C. C. A. 625, in the Circuit Court of Appeals of the United States, seems expressly to hold that an attorney is prohibited by the provisions of our Code, § 835, from testifying as to the facts surrounding the execution of a will which was signed by the testator in the presence of the attesting witnesses, in the form and manner to constitute a valid publication, the attorney being present at the time of the alleged publication, but not being an attesting witness.   I feel therefore constrained to hold that the testimony of Esmond should be wholly disregarded in so far as it relates to the matters which he testifies he saw and heard at the time of the execution of the will and as to the mental condition of the deceased and of the influence under which she acted.   I have, accordingly, in reaching my conclusions, disregarded wholly such testimony.

[2] Testimony was given relating to the mental soundness of the deceased, from which it appears that she was not a particularly intellectual person; but she seems to have had ordinary common sense, to have been able to fairly conduct her ordinary affairs and to under-

stand her surroundings, and I do not think anything has been shown sufficient to rebut the presumption of her mental capacity.

Some testimony was also given attempting to show undue influence upon her in the execution of the will; but I do not think there is sufficient proof of undue influence upon her.

[3] Coming then to the execution of the will: We have a paper apparently executed in due form. It has an attestation clause in due form and duly signed by the various witnesses. The instrument was prepared and its execution supervised by a competent attorney. At least one of the witnesses testified to a memory of all the facts sufficient to constitute a due execution and publication of the will. The other witnesses do not in all things remember as matter of independent memory all the circumstances surrounding the execution of the will; but I think the testimony is sufficient to establish the due execution and publication of the instrument as the last will and testament of the deceased.

Let findings and a decree for probate be submitted accordingly.

Probate decreed.