In the Matter of the Probate of the Last Will and Testament of
ELIZA A. CARTER, Deceased.

Surrogate's Court, Clinton County, February, 1924.

Evidence — attorney and client — wills — privileged communications —
an attorney who prepared will may testify as to employment by
testatrix — an attorney not a subscribing witness disqualified from
giving testimony as to what was said and done at the time of the
execution of the will and of its contents — Civil Practice Act, §§ 353
and 354, applied.

Unless an attorney who prepares a will is a subscribing witness he cannot testify
as to the facts in connection with its execution.

In a proceeding before the referee appointed to take the testimony of certain
witnesses, for the purpose of perpetuating the same, an instrument in writing
purporting to be a will was introduced in evidence by the proponent and
marked for identification as " Exhibit B." The attorney who prepared the
writing, but was not one of the subscribing witnesses, was called as a witness
for the proponent. *Held*, that his answers to questions in regard to the fact
of his employment by the testatrix to prepare her will did not necessitate the
disclosure of any communication between attorney and client and were not
within the prohibition of sections 353 and 354 of the Civil Practice Act.

While, however, the witness was competent to testify that the testatrix employed
him as an attorney to prepare her will and to identify proponent's " Exhibit
B " as the will he so prepared, he was under section 354 of the Civil Practice
Act disqualified from testifying as to what was said and done at the time the
will was executed in the presence of the testatrix and the subscribing witnesses,
nor may the witness testify as to any of the contents of the will which he saw
on looking over the same at the time he superintended the execution thereof.

The act of the witness " seeing " certain particular words in the will in the hand-
writing of the testatrix did not operate to disclose the contents of the will to
the subscribing witnesses, and, unless so disclosed, said witness was prohibited
from testifying as to its contents, the information thus obtained by him being
a confidential communication between attorney and client.

PROCEEDING to perpetuate testimony.

*John H. Booth,* for proponents.

*Jeremiah W. Davern,* for contestants.

*Ernest C. Gordon,* special guardian for infants and unknown heirs.

HARRINGTON, S. This is a proceeding before W. E. Pierce,
referee, appointed by order of the Clinton county surrogate, dated
January 11, 1924, to take the testimony of witnesses named in the
order, for the purpose of perpetuating the same, pursuant to sections
288–295 inclusive of the Civil Practice Act, and rule 123 of the Rules
of Civil Practice.

In the course of the proceeding, Mr. Frank E. Smith, attorney,
was called as a witness by the attorney for the proponent in this
proceeding. There was introduced in evidence an instrument in

writing, dated February 3, 1913, purporting to be a will by Mrs. Eliza A. Carter, and the same was marked for identification by the referee as " Proponent's Exhibit B." Mr. Smith was not a witness to this will. The attorney for the proponent endeavored to show by Mr. Smith:

*First,* that Mrs. Carter was in Mr. Smith's office on February 3, 1913, the date of this will;

*Second,* that Mr. Smith was present at the execution of the will and supervised the execution of the same on February 3, 1913;

*Third,* the attention of the witness was called to the words, " Wm. C. Pike of Plattsburgh, N. Y.," appearing in paragraph 9 of said instrument, which appeared to have been written with pen and ink, and he was asked whether at the time this instrument was being executed in his office, in the presence of the subscribing witnesses, these words, " Wm. C. Pike of Plattsburgh, N. Y.," were in said paragraph 9, as they now appear therein. Mr. Pike is the residuary legatee under this will.

He was further asked this question: " Q. On that date, did you see said instrument, Exhibit B, while Mrs. Carter and said three witnesses and yourself were all present together in the office, and did you see at that time those words, ' Wm. C. Pike, Plattsburgh, N. Y.,' in said instrument in paragraph Ninth? "

Mr. Smith declined to answer the above-mentioned questions, on the ground that they related to matters with respect to which he was not permitted by law to testify; that he had no knowledge or information with respect to Mrs. Carter's affairs or with respect to any will which she may have made, except such knowledge or information which he had derived in a professional capacity by being retained as counsel for Mrs. Carter; that he had no personal objection to disclosing anything or everything which he might know with respect to her affairs or her will, provided only that before answering such questions some competent court should rule upon the questions asked, and direct him whether or not the law required him to answer them; if such a direction was made he was willing to answer the questions. Counsel for the contestants objected to these questions on the ground that the witness was incompetent to testify under sections 353 and 354 of the Civil Practice Act.

The referee, attorneys and witness then appeared before the surrogate with a request on the part of the attorney for the proponent that the witness be instructed by the surrogate to answer the previous questions that he had declined to answer.

The matter as thus submitted to me for decision, would seem to involve these three principles:

1. Can an attorney who prepared a will, but who is not one of the subscribing witnesses thereto, testify as to the circumstances and the fact of his employment by the testatrix for the preparation of the will, and furthermore, whether he prepared the document as introduced in evidence and which purports to be the will of said testatrix?

2. Can such an attorney testify as to what was said and done at the time of the execution of the will, in the presence of the testatrix and the subscribing witnesses?

3. Can such an attorney testify as to any of the contents of said will which he saw on looking over the will at the time of the execution thereof, in the presence of the testatrix and the subscribing witnesses?

It would seem clear that the witness is not prohibited by sections 353 or 354 of the Civil Practice Act from testifying as to the fact of his employment as an attorney by Mrs. Carter for the preparation of a will, nor from identifying " Exhibit B " above mentioned as being the will which he so prepared.

Section 353 of the Civil Practice Act prohibits the disclosure of communications made by a client to his attorney, or his advice given thereon in the course of his professional employment. Hence, the answers to the questions in regard to the fact of his employment as attorney do not necessitate the disclosure of any communication between an attorney and client, but simply tend to establish the fact of his employment as such attorney; and it is only when the relation of attorney and client exists that the prohibition of the statute applies.

In *Hampton* v. *Boylan*, 46 Hun, 151 (1887), this same question was presented and the attorney for the plaintiff was allowed to testify to the fact of his employment by the plaintiff to look after an execution then in the hands of a constable. Objection was made that the attorney was incompetent under section 835 of the Code of Civil Procedure, which is now section 353 of the Civil Practice Act. On this point the court held as follows: " We apprehend, however, that the communication and advice which is privileged under this provision pertains to the subject matter and not to the fact of his employment as an attorney. Otherwise, we should be unable to determine whether the attorney was acting in the course of his professional employment."

A motion for the reargument and appeal to the Court of Appeals in this case was denied. See 47 Hun, 631. See, also, 40 Cyc. 2373, to same effect.

For the above reasons it would also seem that the witness is competent to state that " Exhibit B " is the instrument which he

Surrogate's Court, Clinton County, February, 1924.　[Vol. 122

prepared, for until this fact is established it would not appear that the relation of attorney and client existed in regard to the same. But allowing the witness to identify " Exhibit B " is not to be construed as authority for asking the witness such questions in regard to the identification of the same as would tend to show the contents thereof, or what occurred on the execution thereof, as these are separate matters which are hereinafter considered.

Can Mr. Smith, who was not a subscribing witness to " Exhibit B," testify as to what took place upon the execution of the same?

Section 353 of the Civil Practice Act, heretofore referred to is qualified by section 354 as follows: " But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate, or hereafter to be executed or offered for probate from becoming a witness as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto."

The attorney for the proponent argues that what is prohibited by section 353 of the Civil Practice Act is the disclosure of " confidential communications; " that it is always for the court to determine what is a " confidential communication; " and that what occurs on the execution of a will in the presence of the testatrix, the attorney and the subscribing witnesses is not a confidential communication, and, therefore, the attorney who superintends the execution of the will is competent to testify as to what occurred at that time, even though he is not a subscribing witness.

It seems clear to me from the decisions in this matter that unless an attorney is a subscribing witness to a will, he cannot testify as to the facts in connection with its execution. The cases in point seem to decide that this is the true construction of section 354 of the Civil Practice Act.

See *Matter of Francis,* 73 Misc. Rep. 148 (1911). Here, the attorney who prepared the will was not a subscribing witness, but he was present at the execution of the same. On the question of the competency of evidence by such attorney, as to what took place upon the execution of the will, the court held as follows (p. 153): " FOWLER, S. The testimony of the lawyer (not an attesting witness) who drafted the codicil and was in attendance at the celebration of the formalities required by the Statute of Wills for the formal execution of that instrument was taken before my predecessor without objection of counsel. As an original proposition I might have ventured to think such evidence was competent. The celebration of the formalities required for the execution of a will I should have taken to be public, and not

a private act. The execution of a will is open; and by its very nature it is neither private nor confidential. It is an act in which the State has the supreme interest, and the witnesses should not be immune from disclosing a non-compliance with a public statute of great significance. ' *Testamenti factio, non privati, sed publici juris est* ' was the rule of the civil law adopted by the ecclesiastical courts of England, where such testimony was never held confidential or incompetent. Such was once the rule of this jurisdiction. But the construction formally placed upon section 835 of the Code of Civil Procedure directed wholly to confidential communications and advice leaves me, I think, no alternative but to reject the consideration of such testimony. *Matter of Cunnion*, 201 N. Y. 123."

In *Matter of Seymour*, 76 Misc. Rep. 371 (1912), the will in question was executed under the direction of the attorney who prepared the will, but the attorney was not one of the subscribing witnesses. He was called upon to testify only to those matters which occurred upon the execution of the will, namely, what he heard the various witnesses say to the testatrix; what he heard the testatrix say to the witnesses, and what he himself said to the testatrix at the time of the execution of the will, in the presence of the testatrix and witnesses. On the matter of the competency of his evidence, the court held as follows (p. 373): " OSTRANDER, S. In my opinion there is no authority in our own state courts which prohibit his testifying as to such matters, but the case of *Fayerweather* v. *Butler*, 91 Fed. Rep. 458, in the Circuit Court of Appeals of the United States, seems expressly to hold that an attorney is prohibited by the provisions of our Code, section 835, from testifying as to the facts surrounding the execution of a will which was signed by the testator in the presence of the attesting witnesses, in the form and manner to constitute a valid publication, the attorney being present at the time of the alleged publication but not being an attesting witness. I feel, therefore, constrained to hold that the testimony of Esmond should be wholly disregarded in so far as it relates to the matters which he testifies he saw and heard at the time of the execution of the will and as to the mental condition of the deceased and of the influence under which she acted. I have, accordingly, in reaching my conclusions, disregarded wholly such testimony."

In *Matter of Sears*, 33 Misc. Rep. 141 (1900), the attorney who prepared the will was not one of the subscribing witnesses. On the question of his competency to testify as to what took place upon the execution of the same the court held as follows (p. 142):

32

" Davie, S. The section of the Code above referred to provides: ' An attorney or counselor-at-law shall not be allowed to disclose a communication, made by his client to him, or his advice given thereon in the course of his professional employment,' etc. Section 836 of the Code, qualifying sections 833, 834 and 835, as amended by chapter 416 of the Laws of 1877, was as follows: ' The last three sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived * * * by the person confessing, the patient or the client.' Section 836 was modified by chapter 295 of the Laws of 1893 by providing as follows: ' But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate from becoming a witness, as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto.' The amendment of section 836 above referred to was merely declarative of the law as it then stood, for the Court of Appeals had at that time passed upon this question in the leading case of *Matter of Coleman*, 111 N. Y. 220, 222. It is claimed, however, on the part of the proponent, that the transaction passing between the testatrix and the attesting witnesses, at the time of the execution of the will, in the presence and under the direction of the attorney, are not excluded by the provisions of the Code cited; but it was determined in *Matter of O' Neil*, 26 N. Y. St. Repr. 242, that ' Practically, all that a man may say to an attorney, who is employed by him to draw his will and to superintend its execution, upon that subject, and all he may say to anybody else in the attorney's presence and hearing at the time, cannot be lawfully disclosed by the attorney. The only exception is when the attorney is a subscribing witness.' See, also, *Matter of Lamb*, 21 Civ. Pro. 324. In the case last cited, it was said that ' The language of section 835 of the Code, strictly construed, does not admit of a lawyer testifying to the facts attending the execution of a will drawn by him for his client.' A careful examination of the sections of the Code referred to, and the decisions relating to the same, leads to the conclusion that the attorney who prepared and superintended the execution of the will in controversy is not a competent witness to testify to the same. Consequently, the will must be either admitted to, or denied, probate upon the other evidence in the case." See, also, *Matter of Cunnion*, 61 Misc. Rep. 546 (1908); affd., 135 App. Div. 864 (1909); affd., 201 N. Y. 123 (1911).

Section 354 of the Civil Practice Act sets forth the prerequisite to an attorney testifying as to what takes place upon the execution of a will, namely, that he shall be a subscribing witness to the

Misc. 493]     Surrogate's Court, Clinton County, February, 1924.

same. It must, therefore, be presumed that an attorney knows of this fact, and if he chooses not to be a subscribing witness, or neglects to be one, he is estopped from testifying in regard to the same.

Finally, can Mr. Smith testify that upon looking over the will at the time of the execution thereof, in the presence of the testatrix and the subscribing witnesses, he saw the words " Wm. C. Pike, Plattsburgh, N. Y.," written in ink in paragraph 9 of the will in the handwriting of the testatrix?

Counsel for the proponent argues that for the witness to answer this question would not necessitate disclosing any confidential communication made by the testatrix to him in his capacity as her attorney; that the answer to the question merely involves the physical act of the attorney in " seeing " these words by reading the instrument. In other words, because the attorney became advised in regard to this matter, by reading the instrument at the time of its execution, rather than by having the testatrix tell him verbally that these words were in the will, counsel for the proponent argues that his testimony on this point would not cause him to disclose a confidential communication from his client, the testatrix.

I cannot agree to the soundness of the distinction attempted to be made by the attorney for the proponent in this matter. The law does not define any particular method by which a confidential communication must be made by a client to an attorney. The mode in which the information is communicated, whether by oral statement of facts, or by delivering a written instrument, cannot be important. The principle is the same in whatever way the information passes. It does not seem logical to say that those communications which an attorney " hears " are privileged, but that those which he " sees " are not privileged, where the information in each case was acquired as a result of his professional employment. I believe the true principle involved is, that all confidential communications between an attorney and client, whether written or oral, are alike privileged.

I am not without authority for this interpretation of what constitutes a privileged communication. See *Coveney* v. *Tannahill*, 1 Hill, 33 (1841); *Baker* v. *Arnold*, 1 Caines, 258 (1803); 40 Cyc. 2378.

Hence, assuming that the attorney in this case first became cognizant that the above-mentioned words were in paragraph 9 of the will, when he read over the same at the time of the execution, the information thus obtained was as much a communication from the testatrix to him of this fact as it would have been had she told him verbally that said words were in this paragraph.

See 40 Cyc. 2378, which states as follows: " Thus if a document be exhibited to an attorney in the course of a confidential consultation, all that appears on the face of such document is a part of the confidential communication; and the attorney cannot be allowed to answer whether the document was in the same state when shown him as when produced on the trial."

Counsel for the proponent further argues that the testimony of the witness on this point should not be held to be a confidential communication, for the reason that when he gained this information by reading over the will, at the time of the execution thereof, there were present the testatrix and three subscribing witnesses. In other words, he attempts to bring the matter in line with those cases which hold that if a third person is present at the time a communication between an attorney and client is made, then the communication is not privileged.

I think this point is not well taken. The presence of the testatrix and the three subscribing witnesses in no wise made public that which was communicated from the testatrix to the attorney by written words. Certainly it cannot be contended that the witnesses knew that the attorney saw those words when he read over the will. The act of the attorney in " seeing " those words did not operate to disclose the contents of the will to the subscribing witnesses, and unless so disclosed, the attorney cannot testify as to the contents of the same.

The statute and the cases are very clear to the effect that an attorney cannot disclose a confidential communication. The information thus secured by the attorney, being a confidential communication, he is not at liberty to disclose it.

Decreed accordingly.