In the Matter of the Estate of CAMILLE PEDARO, Deceased.

Surrogate's Court, New York County, November 13, 1930.

*David C. Broderick,* for the petitioner.

*Christopher C. McGrath,* for Tony Pedaro, legatee.

*John A. Bolles,* for the contestant.

FOLEY, S.   In this contested probate proceeding a verdict was directed by the surrogate in favor of the proponent on the questions relating to execution and testamentary capacity.   The remaining question, as to whether undue influence was exercised in the procurement of the will by the son of the decedent, was submitted to the jury.   In their verdict they found that undue influence was not exercised.   This verdict was clearly proper and in accord with the evidence in the case.   (*Matter of Ruef,* 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of Nicholas,* 216 App. Div. 399; affd., 244 N. Y. 531.)

A question arose incidentally during the trial as to the competency of the attorney who drafted the will to testify as to the instructions received by him from the testator concerning the preparation of the will and its execution.   The attorney was offered as a witness by the proponent.   Objection to the evidence was made by the counsel for the contestant.   The drafting and execution of the will took place as one continuous transaction.   The attorney did not sign as a subscribing witness, but there were third persons present with the attorney and client during the transaction.   Counsel for the contestant relies upon the decision in *Matter of Carter* (122 Misc. 493).   In that case the learned surrogate held that an attorney who had failed to become a subscribing witness to the will was precluded from testifying under sections 353 and 354 of the Civil

Practice Act as to what was said and done at the time the will was executed in the presence of the testatrix and the subscribing witnesses. He held that the failure of the attorney to become a subscribing witness rendered his testimony inadmissible, despite the presence of a third person at the time of the transaction between the attorney and the client (the testatrix). He relied upon *Matter of Francis* (73 Misc. 148); *Matter of Seymour* (76 id. 371), and *Butler* v. *Fayerweather* (91 Fed. 458). All of these authorities have been overruled by the decision of the Court of Appeals in *Baumann* v. *Steingester* (213 N. Y. 328). In the latter case the question involved was the competency of the attorney to testify as to the preparation of the will and the instructions received by him from the maker in the presence of a third person (her companion and house-keeper). The presence of a third person established that the communication was not made by the client in confidence and was not privileged. That circumstance released the attorney from the prohibition of the statute. Judge SEABURY, in his opinion, said: " To allow a stranger or bystander who overhears such a conversation to testify to what he heard and at the same time preclude the attorney of the client from giving his testimony as to what occurred might often result unfairly to the client for whose protection the privilege is designed. The communication not being confidential the attorney is not privileged from disclosing it. Where there is no confidence reposed, no privilege can be asserted. In such cases the attorney is permitted to testify not because the privilege has been waived, but because the communication, not having been made in confidence, was not privileged."

In the present case the instructions for the preparation of the will were given in the presence of the two subscribing witnesses, who were not employees of the draftsman, and in the presence of at least two other persons. The testimony of the attorney is, therefore, competent and was properly submitted to the jury. The rule laid down by the Court of Appeals in *Baumann* v. *Steingester* (*supra*) clearly applies not only to the reception of testimony of instructions by the attorney from the client in the presence of a third person, but also to the facts of execution where third persons are present. The circumstances in this case emphasize the importance of an attorney, who prepares a will, to sign the document as a witness. Thereby he becomes competent under section 354 of the Civil Practice Act to testify to all the facts surrounding the preparation and execution of the paper, and technical objections to his testimony are avoided.

The will is admitted to probate. Submit decree on notice accordingly.